UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY KESSLER, | No. 2:16-cv-1930 GEB AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO CITY POLICE DEPARTMENT OFFICER HIGHT # 0345, | |
| Defendant. | |

Plaintiff, an inmate at Sacramento County Rio Cosumnes Correctional Center, is representing himself in this action. Although plaintiff is an inmate, this action does not challenge plaintiff's conditions of confinement. This proceeding was accordingly referred to the undersigned magistrate judge for pretrial proceedings by E.D. Cal. R. 302(c)(21).

## I. MEDICAL RECORDS

Plaintiff has filed a motion to compel the Sacramento County Sheriff's Department to release his medical records to the court. ECF No. 10. The undersigned is informed that the Sheriff has released the records and sent them to the Clerk of the Court. The motion will therefore be denied as moot.

However, it is inappropriate for plaintiff to have his medical records sent to the Clerk's Office. The time for the parties to exchange evidence will occur at the "discovery" stage, if the

litigation reaches that stage.  At this stage of the litigation, defendant has not yet made an appearance, and therefore it is premature for plaintiff to be demanding documents from defendant, or otherwise conducting discovery.  See Fed. R. Civ. P. 26(a)(1) (initial disclosures and timing), (f) (discovery conference and timing).  In addition, the time for the parties to submit evidence and trial exhibits to the court, and the manner for doing so, are set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and in a future "Final Pretrial Order," should the case proceed to that stage.  Discovery materials are not routinely filed with the court nor submitted to the Clerk of the Court.  See Local Rules 250.1-250.5 (discovery materials not to be filed except as prescribed by the Local Rules).

The Clerk of the Court will therefore be instructed to return the medical records to the office which provided them.  If this case reaches the discovery stage, and the Sacramento County Sheriff's Office refuses plaintiff's request for medical records which plaintiff needs to prosecute this case, plaintiff can file an appropriate motion to compel production of the records to him.

## II.  MOTION FOR APPOINTMENT OF ATTORNEY

Plaintiff has moved for appointment of counsel to represent him.  ECF No. 11.  District courts may not require counsel to represent indigent litigants in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  However, where willing counsel is available, the district court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004), cert. denied, 545 U.S. 1128 (2005).

The district court may appoint such counsel where "exceptional circumstances" exist.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009), cert. denied, 559 U.S. 906 (2010) (citing Agyeman, 390 F.3d at 1103).  In determining whether or not exceptional circumstances exist, "a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'"  Palmer, 560 F.3d at 970 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  Circumstances common to most pro se litigants, such as lack of formal legal education, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. The motion will accordingly be denied without prejudice to its renewal after defendant has appeared and responded to the complaint.

### III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's "Motion Request" for medical records (ECF No. 10), is DENIED as moot;
2. The Clerk of the Court shall RETURN plaintiff's medical records, received from the Sacramento County Sheriff's Department, to that entity, along with a copy of this order;
3. Plaintiff's "Motion Requesting Counsel" (ECF No. 11), is DENIED without prejudice to its renewal after defendant has appeared and responded to the complaint.

DATED: January 18, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE